STEWART, ET AL. *v.* THE MARION TRUST COMPANY, RECEIVER, ET AL.

[No. 19,260. Filed June 27, 1900.]

APPEAL AND ERROR.—*Interlocutory Orders.*—*Building and Loan Associations.*—*Receivers.*—An appeal by the holders of paid up and prepaid stock in a building and loan association will not lie from an order of court directing the receiver of the association, on his petition for instructions, to take proper steps to recover dividends illegally paid to holders of such stock.

From the Marion Circuit Court. *Appeal dismissed.*

*L. D. Hay, J. W. Bowles, A. C. Ayres, A. Q. Jones* and *J. E. Hollett,* for appellants.

*J. F. Carson, C. N. Thompson, J. W. Noel* and *F. J. Lahr,* for appellees.

MONKS, J.— In a proceeding brought by Lewis Brandenburg, Arthur C. Givan, Frederick Axe, William Axe, and John W. Walker against the Washington Savings and Loan Association, the Marion Trust Company, one of the appellees herein, was appointed receiver of said association.

It appears from the record that prior to February 7,

1898, the Commercial Building and Loan Association, the Equitable State Building and Loan Association and the Washington Savings Association were separate and distinct building and loan associations, organized and existing under the laws of this State, and it is alleged that on February 7, 1898, said associations were merged and consolidated into the defendant, the Washington Savings and Loan Association and that upon said consolidation, the assets and liabilities of each of the three associations became the assets and liabilities of the defendant, the Washington Savings and Loan Association. Said receiver filed a petition in the court below for instructions in regard to certain dividends alleged to have been paid to the holders of what is denominated "prepaid" and "paid up" stock by the officers of said association, and the officers of the associations consolidated and merged into said Washington Savings and Loan Association, on the ground that said dividends were illegally and wrongfully paid. The court found that said dividends had been illegally and wrongfully paid to said stockholders, and ordered the receiver to take proper steps to recover the same as a part of the assets of said corporation. Afterwards, appellants, who were holders of stock denominated "paid up" and "prepaid" stock in said association, filed applications to set aside and vacate said order of the court instructing the receiver to collect said dividends, on the ground that the same were properly paid to them and could not be recovered. The court heard the evidence on said applications, and refused to vacate said order; from which action of the court appellants appeal.

Appellants were not parties to said petition of the receiver for instructions, and the finding and order in said proceeding were in no sense binding upon appellants. Said order merely authorized the receiver to take proper steps to recover said dividends, but did not and could not adjudge, as against appellants, that they had received such dividends, or, if received by them, that the same were

illegally and wrongfully paid. Neither did the court, in refusing to set aside and vacate said order, adjudge any of said questions for or against appellants as to said dividends. Such questions could only be conclusively adjudged in favor of or against appellants in a proper proceeding to which they were parties. Said order of the court, instructing the receiver to collect the dividends, was interlocutory and not a final judgment, and there is no statute authorizing an appeal therefrom. As there is no statute authorizing an appeal from the action of the court in refusing to vacate said interlocutory order, the appeal in this case must be dismissed.

Appeal dismissed.